## PIM and others *v.* WAIT and others.

*(Circuit Court, S. D. New York. November 12, 1887.)*

1. EVIDENCE—PAROL—AUTHORITY OF AGENTS.
    A "sold note," made by an agent for a principal, as follows: "Sold for account of Pim, Forwood & Co. to Sherman & Taylor, 1,000 bags African coffee," and giving terms of the sale, and signed by the agents, does not express any contract between the agents and their principal, and in an action by the latter against the former, for making such supposed sale without any authority on the part of the supposed buyers, such note does not exclude evidence showing that the principal understood and approved of the authority on which the agent so acted, although such evidence shows there was no *sale* as expressed in the writing signed by the agents.
2. APPEAL—WHAT REVIEWABLE—VERDICT.
    Where the evidence upon an issue tended to support the views of each party, *held*, that the verdict of the jury should not be disturbed.

On Motion for New Trial.
*Everett P. Wheeler*, for plaintiffs.
*William H. Townly*, for defendants.

WHEELER, J. This action is brought to recover damages for negligence or misfeasance about the sale of some coffee which the defendants as brokers undertook to dispose of for the plaintiffs. Upon the trial by jury it appeared that the defendants bargained the coffee to Thompson Bros. at 9¼ cents per pound, and executed a "sold note," so called, showing such sale; that afterwards, upon the authority of Thompson Bros.,

who assumed to act for Sherman & Taylor, the defendants canceled the sale to Thompson Bros., and took from them a sold note of the coffee from the plaintiffs to Sherman & Taylor, at 9½ cents, and executed and delivered to the plaintiffs a like note; that Sherman & Taylor refused to receive the coffee; that the plaintiffs brought suit against them for damages in consequence of the refusal, in which the plaintiffs failed to recover because neither Thompson Bros. nor the defendants had authority to execute either of the sold notes to Sherman & Taylor, and that there was no contract of sale, and that the plaintiffs had paid counsel fees, and costs awarded to the defendants, in that suit. The defendants' evidence tended to show that the plaintiffs knew and approved of the execution of the sold note upon the authority of Thompson Bros., and the plaintiffs' evidence, that they did not. This question was submitted to the jury, who found for the defendants. This motion for a new trial is urged upon the grounds that the evidence as to the knowledge and approval of the plaintiffs of the execution of the sold note on the authority of Thompson Bros. was inadmissible, and that the verdict was against the weight of evidence so far that it ought to be set aside.

It is said in argument that the evidence was not admissible because its effect was to vary the terms of the sold note. The note reads: "Sold for account of Pim, Forwood & Co. to Sherman & Taylor, 1,000 bags African coffee," and, after giving the terms of sale, is signed by the defendants. The evidence tended to show that there was no sale upon any authority, and that the plaintiffs, as well as the defendants, relied upon the assumption of authority from Sherman & Taylor by Thompson Bros., which they did not have. This did tend to show that what was stated in the instrument as a sale was not a sale, unless Thompson Bros. had authority, and would vary the terms of the instrument. This instrument, however, does not show the terms of any contract between the parties to this suit, nor profess to, but only between the plaintiffs and Sherman & Taylor. The general rule, about which there is no question, only excludes parol evidence to affect written instruments in suits between parties to them. 1 Greenl. Ev. § 279. The plaintiffs and defendants are not parties to this instrument within that rule. The contract between them arose out of the undertaking of the defendants to dispose of the coffee for the plaintiffs, and that contract is not anywhere expressed in the instrument. Therefore, this evidence would not be excluded by this rule. But, further than this, the evidence which contradicts the terms of the instrument came from the plaintiffs. The instrument professes to show a sale. The gist of the action is that there was no sale. The plaintiffs had to show that to make out any case. They claimed damages because they, as they said, relied upon this paper as a representation by the defendants that there was a sale, when in fact there was none, and incurred these liabilities for expenses and costs in consequence of that reliance. In supporting this claim they contradicted the instrument by showing that what the defendants did, which went towards a sale, did not make a valid sale. Herein lay what they claimed to be negligence or misfeasance on the part of the defendants. The defend-

ants met this by showing that what they did in this respect was done with the approval of the plaintiffs. This met the plaintiffs' claim. They could not justly find fault with what was done with their own knowledge and approval. The defendants' evidence would also show that the plaintiffs relied upon the assumption of authority by Thompson Bros., and not upon the representation of the defendants implied in the presentation of the paper. This evidence of the defendants did not contradict the terms of the instrument, but met that of the plaintiffs which contradicted it. The rule invoked by the plaintiffs does not appear to have been violated.

The plaintiffs do not claim that the question of fact arising upon the evidence was not fairly laid before the jury, but insist that in their finding upon it the jury went contrary to the evidence. The transaction in respect to the delivery of the sold note to the plaintiffs was had between one of the plaintiffs and one of the defendants. This defendant testified that he fully informed that plaintiff how the business had been done, and that he approved of the method of it, and accepted the note. That plaintiff denies this. Another defendant testified that this plaintiff said shortly after, when he knew that Sherman & Taylor repudiated the sale, that the defendants had acted properly, and he did not blame them. That the plaintiffs pursued Sherman & Taylor tended strongly to show that they supposed that the sold note was executed upon due authority from them. This consideration was forcibly presented to the jury in argument in behalf of the plaintiffs. But the defendants might inform the plaintiffs of their reliance upon Thompson Bros. having authority from Sherman & Taylor, and the plaintiffs might approve of their acting on that reliance, and adopt what they had done, and proceed against Sherman & Taylor on that supposition. If the jury took that view, they would not proceed without evidence, nor so contrary to the weight of the evidence as to show that they had not fairly considered it. The weighing of the evidence is for the jury, and when they have had it to weigh, and appear to have weighed it fairly, the result reached by them should not be disturbed, although on another trial before another jury a different result might be, or probably would be, reached.

Motion for a new trial denied, and stay of proceedings vacated.